1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA

| IN RE FAT BRANDS INC. SECURITIES LITIGATION | Case No. 2:22-cv-01820-MCS-RAO |
|---|---|
| | **ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 55)** |

        Lead Plaintiff Robert J. Matthews and Plaintiff Michael Melendez (together, "Plaintiffs") move for preliminary approval of a class action settlement. (Mot., ECF No. 55.) The motion is unopposed. (*See* Notice of Non-Opp'n, ECF No. 57.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

I.      **BACKGROUND**

        This is a putative securities class action arising from alleged mishandling of funds by Defendant FAT Brands Inc.'s executives. Plaintiffs bring claims for violations of the Exchange Act against FAT Brands and its executives and board members, Andrew Wiederhorn, Ron Roe, Rebecca Hershinger, Ken Kuick, Squire Junger, Silvia Kessel, James Neuhauser, and Edward H. Rensi (together, "Defendants"). (*See generally*

1

Consolidated Am. Compl., ECF No. 36.) The Court appointed Matthews as Lead Plaintiff, approved his selection of The Rosen Law Firm, P.A., as counsel, and consolidated related actions. (*See* Order Re: Defs.' Acceptance of Service, ECF No. 19; Order Re: Mots. for Appointment, ECF No. 34.) The parties now have stipulated to a classwide settlement. (Stip., ECF No. 56.)

## II.    CLASS CERTIFICATION

The parties propose a settlement class consisting of "all persons and entities who purchased publicly traded FAT Brands securities between December 4, 2017 and February 18, 2022, both dates inclusive, and who were damaged thereby," with appropriate exclusions. (Stip. § 1.35.) The Court determines that the settlement class may be certified under Rule 23(a) and (b)(3).

### A.    Legal Standard

At the preliminary approval stage, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Courts first consider whether a settlement class may be certified. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997) ("[T]he 'class action' to which Rule 23(e) refers is one qualified for certification under Rule 23(a) and (b)."). A plaintiff must demonstrate that the four requirements of Rule 23(a) are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. The plaintiff also must show the class meets one of the three alternative provisions in Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Where, as here, the plaintiff seeks certification under Rule 23(b)(3), the plaintiff must show "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The criteria for class certification are applied differently in litigation classes and settlement classes," *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 926 F.3d 539,

556 (9th Cir. 2019), and the Court must apply "undiluted, even heightened, attention" to the specifications of Rule 23 when considering whether to certify a settlement class, *Amchem*, 521 U.S. at 620.

### B.   Discussion

#### 1.   Numerosity

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (internal quotation marks omitted). Here, the class consists of purchasers of FAT Brands securities, which traded on a public exchange during the class period. (*See* Stip. § 1.35.) In securities cases such as this one, "where the exact size of the proposed class is unknown, but general knowledge and common sense indicate it is large, the numerosity requirement is satisfied." *Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012) (internal quotation marks omitted).

#### 2.   Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Courts construe this requirement permissively. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Even a single common question of law or fact will do. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Here, class members' claims share common questions of law and fact, such as whether Defendants made false or misleading public statements or omissions during the class period and whether class members were damaged by such statements or omissions. (Mot. 6.) The claims here present common legal issues based on a common core of salient facts. *See, e.g.*, *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 588 (N.D. Cal. 2009) ("Repeated misrepresentations by a company to its stockholders satisfy the commonality requirement of Rule 23(a)(2)."). This requirement is met.

### 3.   Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (internal quotation marks omitted). Here, Plaintiffs, like other members of the proposed class, purchased FAT Brands securities and suffered significant losses. (*See* Matthews Cert., ECF No. 1-1; Melendez Cert., ECF No. 36-1.) There are no indications that Plaintiffs' claims are atypical or that unique defenses apply to their claims. This requirement is met. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

### 4.   Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020). There are no apparent conflicts of interests between the proposed class on the one hand and Plaintiffs and class counsel on the other. *See Anchem*, 521 U.S. at 625–26 ("A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." (cleaned up)). Plaintiffs submitted certifications stating they reviewed the pleadings and are willing to serve as a representative of the proposed class. (Matthews Cert.; Melendez Cert.) As previously noted, (Order Re: Mots. for Appointment 5), class counsel has significant experience in prosecuting securities class actions, (Rosen Decl. Ex. 4, ECF No. 22-4). The Court finds that Plaintiffs and class

1    counsel will fairly and adequately represent the class's interests.

2                        5.    <u>Predominance</u>

3        "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are
4    sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at
5    623. The inquiry "focuses on whether the 'common questions present a significant
6    aspect of the case and they can be resolved for all members of the class in a single
7    adjudication.'" *Espinosa*, 926 F.3d at 557 (quoting *Hanlon*, 150 F.3d at 1022). For
8    certification of a settlement-only class, "'a district court need not inquire whether the
9    case, if tried, would present intractable management problems'"; instead, "[t]he focus
10   is 'on whether a proposed class has sufficient unity so that absent members can fairly
11   be bound by decisions of class representatives.'" *Id.* at 558 (quoting *Amchem*, 521 U.S.
12   at 620–21). Here, like in other securities class actions where many securities purchase
13   have been allegedly defrauded over time by similar misrepresentations, common
14   questions of fact and law predominate. *See, e.g.*, *Negrete v. Allianz Life Ins. Co. of N.*
15   *Am.*, 238 F.R.D. 482, 492 (C.D. Cal. 2006); *accord In re Cooper Cos. Inc. Sec. Litig.*,
16   254 F.R.D. 628, 640 (C.D. Cal. 2009) ("[T]he critical questions of what Defendants
17   said, what they knew, what they may have withheld, and with what intent they acted,
18   are central to all class members' claims. . . . Issues such as certain members' damages,
19   timing of sales and purchases, or standing to file suit, do not have the same primacy.").
20   The predominance element is met.

21                       6.    <u>Superiority</u>

22       "The superiority inquiry under Rule 23(b)(3) requires determination of whether
23   the objectives of the particular class action procedure will be achieved in the particular
24   case." *Hanlon*, 150 F.3d at 1023. The Court found that Matthews, who purchased 1500
25   shares during the class period and had $9,419.04 in losses, suffered the greater financial
26   loss of the applicants for appointment as lead plaintiff. (Order Re: Mots. for
27   Appointment 4.) Assuming Matthews's loss is similar to or greater than the typical loss
28   of each class member, the expense and burden of litigation would not justify prosecuting

claims on an individual basis. The class action mechanism is superior here. *See Hanlon*, 150 F.3d at 1023 ("Even if efficacious, [individual litigation of] these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs. In most cases, litigation costs would dwarf potential recovery.").

### C.    Conclusion

The Court determines that the class satisfies the requirements of Rule 23(a) and (b)(3) and conditionally certifies the proposed class for settlement purposes.

## III.    FAIRNESS OF PROPOSED SETTLEMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." "[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *Pilkington v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)*, 516 F.3d 1095, 1100 (9th Cir. 2008). Review of the settlement is "extremely limited," and courts should examine "the settlement taken as a whole, rather than the individual component parts, . . . for overall fairness." *Hanlon*, 150 F.3d at 1026.

At the preliminary approval stage, courts in this circuit consider whether the settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (internal quotation marks omitted). Further, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).

1
    **B.**    **Discussion**

2
          1.   <u>Serious, Informed, Non-Collusive Negotiations</u>

3 The Court accepts Plaintiffs' representations that "[t]he proposed Settlement

4 followed hard-fought litigation and arm's length negotiations." (Mot. 13.) The parties

5 engaged Michelle Yoshida of Phillips ADR, a neutral with experience mediating

6 securities class actions, and exchanged detailed mediation statements and responses.

7 The parties conducted a successful mediation session and executed a term sheet the next

8 day. (*Id.*; Stip., Recital § B.) Based on these facts, the Court finds that "the procedure

9 for reaching this settlement was fair and reasonable and that the settlement was the

10 product of arms-length negotiations." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d

11 1078, 1080 (N.D. Cal. 2007); *see also* Fed. R. Civ. P. 23(e)(A)–(B) advisory

12 committee's note to 2018 amendment ("[T]he involvement of a neutral or court-

13 affiliated mediator or facilitator in those negotiations may bear on whether they were

14 conducted in a manner that would protect and further the class interests.").

15
          2.   <u>No Obvious Deficiencies and No Preferential Treatment</u>

16 Subject to reservations set forth below, the proposed settlement has no obvious

17 deficiencies and does not give preferential treatment to certain class members over

18 others. The proposed settlement provides an equitable method for calculating each class

19 member's recovery and a plan for allocating settlement funds facilitated by a claims

20 administrator. (Mot. 16–19; *see generally* Stip. § 7; Stip. Ex. A-1, at 8–18, ECF No. 56-

21 2.) The proposed enhancement to Plaintiffs of up to $1,500 each appears reasonable.

22 (Mot. 24; Stip. Ex. A-1, at 2.) *See Staton*, 327 F.3d at 977 (outlining factors to consider

23 in evaluating proposed enhancements).

24 Although counsel has not yet provided information substantiating the

25 contemplated motion for fees and costs, the parties' proposed notice provides that

26 counsel's request for fees will not exceed one-third of the settlement amount. (Mot. 17;

27 *see* Stip. Ex. A-1, at 2.) At face value, an award of one-third of the settlement appears

28 unreasonably high. "[C]ourts typically calculate 25% of the fund as the 'benchmark'

for a reasonable fee award . . . ." *See Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 942 (9th Cir. 2011). The record presents no reason to depart from the benchmark in this case. Notwithstanding, issues pertaining to the fee award can be adjudicated upon the anticipated motion, and the Court's concern does not impede preliminary approval of the settlement.

The parties have identified a Supplemental Agreement giving FAT Brands the unilateral right to terminate the settlement should certain conditions be met. (Mot. 17–18; Stip. § 10.3.) *See* Fed. R. Civ. P. 23(e)(3) (requiring parties to "identify[] any agreement made in connection with the proposal"). "This type of agreement is a standard provision in securities class actions and has no negative impact on the fairness of the Settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM-SDA, 2020 U.S. Dist. LEXIS 128998, at *39 (S.D.N.Y. July 21, 2020); *accord Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 U.S. Dist. LEXIS 213045, at *22 (N.D. Cal. Dec. 18, 2018) ("The existence of a termination option triggered by the number of class members who opt out of the Settlement does not by itself render the Settlement unfair."). The existence of the Supplemental Agreement does not substantially impact the Court's evaluation of the fairness of the settlement. Nonetheless, the Court directs the parties to submit the Supplemental Agreement to the Court for in camera review before final approval.

### 3.   Range of Possible Approval

To determine whether a settlement falls within the range of possible approval, courts focus on "substantive fairness and adequacy," including "plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080. "[A] proposed settlement may be acceptable even though it amounts only to a fraction of the potential recovery that might be available to class members at trial." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 171 (N.D. Cal. 2019) (internal quotation marks omitted).

The Court finds persuasive Plaintiffs' assessment of the case, the risks of further

litigation, and the potential exposure to Defendants. (Mot. 14–16.) The settlement "represents an estimated average recovery of $0.79 per damaged share of FAT Brands securities for the approximately 3.8 million damaged shares during the Settlement Class Period." (Stip. Ex. A-1, at 2.) The gross settlement amount of $3 million is "approximately 31% of the maximum estimated damages of $9.7 million under Plaintiffs' best-case scenario, as estimated by Plaintiffs' damages expert." (Mot. 19.) This figure falls within, if not above, a reasonable range of settlement recovery approved in similar securities class actions. *E.g.*, *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW, 2021 U.S. Dist. LEXIS 34126, at *6 (C.D. Cal. Feb. 18, 2021) (approving settlement amount representing "approximately 7.8% of the class's maximum potential aggregate damages"); *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2019 U.S. Dist. LEXIS 121886, at *27 (N.D. Cal. July 22, 2019) (approving gross settlement amount representing "a recovery of between 5% and 9.5% of non-disaggregated damages and between 19% to 54% if disaggregated arguments are credited"); *In re Biolase, Inc. Sec. Litig.*, No. SACV 13-1300-JLS (FFMx), 2015 U.S. Dist. LEXIS 201412, at *15 (C.D. Cal. Oct. 13, 2015) (approving gross settlement amount representing "approximately 8% of the maximum recoverable damages")*.* The settlement appears particularly favorable to the class given Plaintiffs' representation that Defendants' insurer disclaimed coverage. (See Mot. 20.)

For the purpose of preliminary approval, the Court finds that the settlement falls within the range of possible approval.

### 4.   Adequate Notice

For a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The yardstick against which we measure the sufficiency of notices in class action proceedings is one of reasonableness." *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1117 (9th Cir. 2018) (internal quotation marks omitted) (quoting *In re Bank of Am. Corp.*,

772 F.3d 125, 132 (2d Cir. 2014)). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotation marks omitted). Notice "does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012).

The parties agreed upon a notice that provides information about the nature of the action and the claims asserted, the terms and provisions of the settlement, the distribution of relief, and the release of claims. The notice also explains class members' options to remain in the class, object to the settlement, or opt out of the settlement. (Stip. Ex. A-1; *id.* Ex. A-3, ECF No. 56-4; *id.* Ex. A-4, ECF No. 56-5.) The parties' notice plan contemplates appointment of a third-party claims administrator, Strategic Claims Services, which will email or mail notice to settlement class members, maintain a settlement website, allow class members to submit claims electronically, mail copies of relevant documents upon request, and publish notice over *GlobeNewswire* and in *Investor's Business Daily*. (Mot. 22–23.)

Courts have approved comparable notice procedures in securities class action settlements. *E.g.*, *In re Regulus Therapeutics Inc. Sec. Litig.*, Nos. 3:17-cv-182-BTM-RBB, 3:17-cv-267-BTM-RBB, 2020 U.S. Dist. LEXIS 202787, at *11–12 (S.D. Cal. Oct. 29, 2020); *In re Banc of Cal. Sec. Litig.*, No. SACV 17-00118 AG (DFMx), 2019 U.S. Dist. LEXIS 209386, at *8–10 (C.D. Cal. Dec. 4, 2019). The Court finds that the proposed notice procedure provides all the information required by Rule 23(c)(2)(B), constitutes the best practicable notice to class members, and comports with the requirements of due process.

## C.    Conclusion

The Court concludes that the proposed settlement as a whole appears fair and reasonable, notwithstanding the reservations identified above.

**IV.   CONCLUSION**

The Court grants the motion and adopts the parties' proposed order subject to changes marked below.

1.     Capitalized terms used herein have the meanings set forth in the Stipulation.

2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons and entities who purchased publicly traded FAT Brands securities between December 4, 2017 and February 18, 2022, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; (b) Defendants; the present and former officers, directors, and affiliates of FAT Brands at all relevant times; FAT Brands' employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired FAT Brands securities through any such plan(s); immediate family members, legal representatives, heirs, successors or assigns of any excluded person or entity; and any entity affiliated with any excluded person or in which any excluded person or entity has a controlling interest; and (c) persons or entities who file valid and timely requests for exclusion from the Settlement Class in accordance with this Order.

3.     This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Lead Plaintiff and approved by this Court, is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5.      The Court finds that (a) the Stipulation resulted from good faith, arm's-length negotiations, and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on **February 28, 2023 at 9:00 a.m.**, and may be conducted via telephonic or videoconference means at the Court's direction, for the following purposes:

(a)      to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine finally whether the Final Judgment, substantially in the form of Exhibit B to the Stipulation, should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)      to determine finally whether the proposed Plan of Allocation for the

distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)   to consider the application of Class Counsel for an award of attorneys' fees and expenses and award to Class Representatives;

(f)   to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

(g)   to rule upon such other matters as the Court may deem appropriate.

7.   The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice other than entry of an Order on the Court's docket. ~~The Court may decide to hold the Settlement Hearing telephonically or by other virtual means without further notice.~~ The Court further reserves the right to enter its Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.   The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23, other applicable rules or regulations, or due process of law.

9.   The Court approves the form, substance, and requirements of (a) the Long Notice, (b) the Proof of Claim, (c) the Summary Notice, and (d) the Postcard Notice, all of which are exhibits to the Stipulation.

10.   Class Counsel, on behalf of Plaintiffs, has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to

1   consummate the Settlement.

2       11.     Strategic Claims Services is appointed and approved as the Claims

3   Administrator to supervise and administer the notice procedure as well as the processing

4   of claims.

5       12.     The Escrow Agent may, at any time after entry of this Order and without

6   further approval from Defendants or the Court, disburse at the direction of Class

7   Counsel up to $150,000 from the Settlement Fund prior to the Effective Date to pay

8   reasonable Administrative Costs. After the Effective Date, up to an additional $100,000

9   may be transferred from the Settlement Fund to pay for any reasonable and necessary

10  Administrative Costs without further order of the Court.

11      13.     No later than 15 Business Days after the date of this Order, FAT Brands

12  shall provide and/or cause its transfer agent to provide to Class Counsel FAT Brands'

13  transfer records information reasonably available to FAT Brands concerning the

14  identity of Settlement Class Members, including any names and addresses of Settlement

15  Class Members and nominees or custodians that exist in such transfer records

16  ("Settlement Class Information") in a usable electronic format, such as an Excel

17  spreadsheet, or other form as is reasonably available to FAT Brands. This information

18  will be kept confidential and not used for any purpose other than to provide the notice

19  contemplated by this Order.

20      14.     Within 20 Business Days of the entry of this Order, Class Counsel, through

21  the Claims Administrator, shall either: (a) email links to the location of the Long Notice

22  and Proof of Claim, substantially in the form annexed to the Stipulation as Exhibit A-1

23  and Exhibit A-2, to Settlement Class Members for whom the Claims Administrator is

24  able to obtain email addresses; or (b) if no electronic mail address can be obtained,

25  cause the Postcard Notice, substantially in the form annexed to the Stipulation as

26  Exhibit A-4, to be mailed by first class mail, postage prepaid, to Settlement Class

27  Members who can be identified with reasonable effort by Class Counsel, through the

28  Claims Administrator.

15.     Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held FAT Brands securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within 10 days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within 10 days after receipt thereof send copies to such beneficial owners; (ii) request links to the location of the Long Notice and Proof of Claim and email the links to each beneficial owner for whom they are nominee or custodian within ten days after receipt thereof; or (iii provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a link to the location of the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email links to the Long Notice and Proof of Claim or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses, of up to $0.03 per name, address, and email address provided to the Claims Administrator; up to $0.03 per unit for each Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.03 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

16.     Class Counsel shall, at least seven days before the Final Approval Hearing,

1  serve upon counsel for Defendants and file with the Court proof of the mailing of the
2  Postcard Notice as required by this Order.

3       17.   Within 16 days of the entry of this Order, Class Counsel, through the
4  Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy
5  of the Long Notice and Proof of Claim to be posted on the Claims Administrator's
6  website.

7       18.   Class Counsel, through the Claims Administrator, shall cause the
8  Summary Notice to be published electronically once on the *GlobeNewswire* and in print
9  once in the *Investor's Business Daily* within 10 days after the Postcard Notice mailing
10 or emailing links to the location of the Long Notice and Proof of Claim. Class Counsel
11 shall, at least seven days before the Settlement Hearing, serve upon counsel for
12 Defendants and file with the Court proof of publication of the Summary Notice.

13      19.   The forms and methods set forth herein of notifying the Settlement Class
14 Members of the Settlement and its terms and conditions meet the requirements of due
15 process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the
16 Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private
17 Securities Litigation Reform Act of 1995; constitute the best notice practicable under
18 the circumstances; and constitute due and sufficient notice to all persons and entities
19 entitled thereto. No Settlement Class Member will be relieved from the terms and
20 conditions of the Settlement, including the releases provided for therein, based upon the
21 contention or proof that such Settlement Class Member failed to receive actual or
22 adequate notice.

23      20.   In order to be entitled to participate in recovery from the Net Settlement
24 Fund after the Effective Date, each Settlement Class Member shall take the following
25 action and be subject to the following conditions:

26      (a)   A properly completed and executed Proof of Claim must be submitted to
27 the Claims Administrator: (a) electronically through the Claims Administrator's
28 website, www.strategicclaims.net/FAT, by 11:59 p.m. EST on **January 28, 2023**; or

(b) at the Post Office Box indicated in the Notice, postmarked no later than **January 28, 2023** ~~(30 days prior to the Final Approval Hearing)~~. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from the Claims Administrator for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of their current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient

or otherwise rejected shall be afforded a reasonable time (at least 10 days) to cure such deficiency, if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within 10 days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

21.    All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

22.    Settlement Class Members shall be bound by all determinations and judgments in the Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion from the Settlement shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than **February 7, 2023** (21 days prior to the Final Approval Hearing) ("Exclusion Deadline"), to the address listed in the Long Notice. In order to be valid, such request for exclusion must (A) indicate the name, address, phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the

Settlement of *In re FAT Brands Inc. Securities Litigation,* Case No. 2:22-cv-01820 (C.D. Cal.)" and (B) state the date, number of shares, and dollar amount of each purchase of FAT Brands securities and, if applicable, each sale during the Settlement Class Period, as well as the number of FAT Brands securities held by the Person as of the opening and closing of the Settlement Class Period. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of FAT Brands securities during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the FAT Brands securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

23.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion that has not been thereafter revoked.

24.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two Business Days before the Final Approval Hearing, in which event that Person will be included in the Settlement Class.

25.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26.     The Court will consider comments and/or objections to the Settlement, the

Plan of Allocation, or the Fee and Expense Application, <u>provided</u>, <u>however</u>, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the Fee and Expense Application, or any other order relating thereto, unless, at least 21 days prior to the Settlement Hearing Date, that Person has: (a) filed said objections, papers, and briefs, and proof of service upon counsel identified below with the Clerk of the Court, U.S. District Court, Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Room 1053, Santa Ana, California 92701; and (b) served copies of any objections, papers and briefs on each of the following counsel:

|  <u>CLASS COUNSEL:</u> | <u>COUNSEL FOR DEFENDANTS:</u> |
|:---:|:---:|
| The Rosen Law Firm, P.A. | SHEPPARD, MULLIN, RICHTER & |
| Phillip Kim | HAMPTON LLP |
| 275 Madison Avenue, 40th Floor | John P. Stigi III |
| New York, NY 10016 | 1901 Avenue for the Stars, Suite 1600 |
| | Los Angeles, CA 90067 |

27.   To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of FAT Brands securities during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or their counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue

in each case. Attendance at the Final Approval Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

28. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

29. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than 28 days before the Final Approval Hearing.

30. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than 14 days prior to the Final Approval Hearing.

31. Defendants, their counsel, and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

33.     All funds or Settlement Shares held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

34.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Class Representatives or any Settlement Class Members directly have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in the Action.

35.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be

restored to his, her, or its respective litigation positions as they existed prior to August 10, 2022, pursuant to the terms of the Stipulation.

36.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

**IT IS SO ORDERED.**

Dated: November 8, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE