1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE:<br><br>FAT BRANDS INC.<br>SECURITIES LITIGATION | CASE No. 2:22-cv-01820-MCS-RAO<br><br><u>CLASS ACTION</u><br><br>**ORDER ON MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS (ECF No. 72)** |
|---|---|

Having considered all materials and arguments submitted in support of Plaintiffs' Motion for Distribution of Class Action Settlement Funds ("Motion"), including the Memorandum of Points and Authorities in support of the Motion, and the Declaration of Josephine Bravata Concerning the Results of the Claim Administration Process ("Bravata Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for Distribution of Class Action Settlement Funds is GRANTED.

2. As set forth in in the Bravata Declaration, the administrative determinations of the Claims Administrator, Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Bravata Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Declaration are approved.

3. Any person submitting claims after March 28, 2023 or any responses to rejected claims after December 6, 2023, the dates used to finalize the administration by SCS, are finally and forever barred from asserting such claims. All putative claims listed in Exhibit D to the Bravata Declaration are finally and forever rejected.

4. The funds that are currently in the Net Settlement Fund[1] (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration. The funds

---

[1] All capitalized terms not otherwise defined herein have the same meanings set forth in the Stipulation of Settlement dated September, 23 2022 ("Stipulation"). Dkt. No. 56.

shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Long Notice.

5. The distribution plan for the Net Settlement Fund as set forth in the Bravata Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed their check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Bravata Declaration will irrevocably forfeit all recovery from the Settlement.

6. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net

1  Settlement Fund, any funds remaining in the Net Settlement Fund shall be donated
2  to a non-profit charitable organization chosen by Lead Counsel, with the approval
3  of the Court.

4        7.    The Court finds that the administration of the Settlement and proposed
5  distribution of the Net Settlement Fund comply with the terms of the Stipulation
6  and the Plan of Allocation. All persons involved in the review, verification,
7  calculation, tabulation, or any other aspect of the processing of claims submitted
8  herein, or otherwise involved in the administration or taxation of the Settlement
9  Fund or the Net Settlement Fund, are released and discharged from any and all
10 claims arising out of such involvement, and all Settlement Class Members, whether
11 or not they are to receive payment from the Net Settlement Fund, are barred from
12 making any further claims against the Net Settlement Fund or the released person
13 beyond the amount allocated to them pursuant to this Order.

14       8.    SCS is hereby ordered to discard electronic or paper copies of claims
15 and all supporting documents no less than one year after all distributions of the Net
16 Settlement Fund to the eligible claimants.

17       9.    This Court retains jurisdiction over any further application or matter
18 which may arise in connection with this action.

Dated: January 16, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE