Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

[*additional counsel on signature page*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>FAT BRANDS INC. SECURITIES LITIGATION | Case No. 2:22-cv-01820-MCS-RAO<br><br>**NOTICE OF MOTION FOR AUTHORIZATION OF CY PRES DISTRIBUTION**<br><br><u>CLASS ACTION</u><br><br>Date: June 23, 2025<br>Time: 9:00 a.m.<br>Courtroom: 7C<br>Judge: Hon. Mark C. Scarsi |

1

**PLEASE TAKE NOTICE** that Lead Plaintiff Robert J. Matthews and named Plaintiff Michael Melendez ("Plaintiffs"), on behalf of themselves and the Settlement Class, hereby move this Court for entry of the accompanying [Proposed] Order Authorizing *Cy Pres* Distribution ("*Cy Pres* Order"). The *Cy Pres* Order authorizes the Claims Administrator to distribute the funds remaining in the Net Settlement Fund, $3,472.12, to Lead Counsel's selected non-profit charitable organization, the Investor Justice and Education Clinic at Howard University School of Law, pursuant to the Court's Order on Motion for Distribution of Class Action Settlement Funds (Dkt. No. 75).

In support of this Motion, Plaintiffs submit the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Josephine Bravata Concerning the Remaining Funds For *Cy Pres*, all other pleadings and matters of record, and such additional evidence or arguments as may be presented at the hearing.

Plaintiffs make this motion following the conference of counsel pursuant to Local Rule 7-3, conducted on May 23, 2025, during which Defendants' counsel advised that Defendants do not oppose this motion.

Dated: May 23, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016

Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*

**POMERANTZ LLP**
Jeremy Lieberman (*pro hac vice*)
Brenda Szydlo (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (646) 581-9996
Email: jlieberman@pomlaw.com
Email: bszydlo@pomlaw.com

**BRONSTEIN, GERWITZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AUTHORIZATION OF *CY PRES* DISTRIBUTION

Lead Plaintiff Robert J. Matthews and named Plaintiff Michael Melendez ("Plaintiffs") submit this memorandum of law in support of their motion for entry of the [Proposed] Order Authorizing *Cy Pres* Distribution ("*Cy Pres* Order"), submitted herewith.[1] If entered by the Court, the *Cy Pres* Order will authorize the Claims Administrator to distribute the funds remaining in the Net Settlement Fund, $3,472.12, to Lead Counsel's selected non-profit charitable organization, the Investor Justice and Education Clinic at Howard University School of Law ("IJEC"), pursuant to the Court's Order on Motion for Distribution of Class Action Settlement Funds (Dkt. No. 75, "Distribution Order").

## I. BACKGROUND

On February 28, 2023, the Court entered the Order and Final Judgment, granting final approval to the proposed class action Settlement and Plan of Allocation. Dkt. No. 71. On January 16, 2024, the Court entered the Distribution Order. Dkt. No. 75. The Distribution Order approved the determinations of the Claims Administrator as to the approval or rejection of claims submitted by Settlement Class Members and directed the distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation and the distribution plan set forth in the Distribution Order. *Id.*

The Distribution Order provides that:

> If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of

---

[1] All capitalized terms not otherwise defined herein have the same meanings set forth in the Stipulation of Settlement dated September 23, 2022 ("Stipulation"). Dkt. No. 56.

4

NOTICE OF MOTION FOR AUTHORIZATION OF CY PRES DISTRIBUTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:22-cv-01820-MCS-RAO

> such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization chosen by Lead Counsel, with the approval of the Court.

Dkt. No. 75 ¶ 6.

On February 26, 2024, the Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), sent distribution payments to 868 Authorized Claimants in the total amount of $2,083,971.40, pursuant to the Distribution Order. Declaration of Josephine Bravata Concerning the Remaining Funds for *Cy Pres* ("Bravata Decl.") ¶ 3. The checks expired on August 24, 2024, 180 days from the issue date, pursuant to the Distribution Order. *Id.* As of the date of the Bravata Declaration, the remaining balance in the Net Settlement Fund is $3,472.12. *Id.* ¶ 4. After making all other authorized distributions or allocations, SCS has determined that it is not economically feasible to perform a second distribution. Bravata Decl. ¶ 5.

Lead Counsel has selected the IJEC as the "non-profit charitable organization" to receive the remaining funds in the Net Settlement Fund. Lead Counsel selected the

IJEC because of its mission of investor protection under the securities laws.[2] Lead Counsel is aware of no direct connection or preexisting relationship between the IJEC, Lead Counsel, or the Parties. Per the Distribution Order, Lead Counsel now seeks the Court's approval of this designation.

## II.     THE COURT SHOULD APPROVE LEAD COUNSEL'S *CY PRES* DESIGNATION

"It is often the case that judgment or settlement funds from a class action will go unclaimed." *Vazquez v. Lamont Fruit Farm, Inc.*, 2011 WL 6148806, at *3, n.4 (W.D.N.Y. Dec. 12, 2011). It comes as no surprise that "[m]ost class actions result in some unclaimed funds." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990); *In re Motorsports Merchandise Antitrust Litig.*, 160 F. Supp. 2d 1392, 1393-94 (N.D. Ga. 2001) ("It is not uncommon in . . . class actions to have funds remaining after payment of all identifiable claims."). Indeed, "[d]espite best efforts[,] . . . it remains virtually certain – especially when large classes are involved – that not all class members will share in an aggregate class recovery. This situation may or may not result in a residue remaining after individual claim distribution." *Jones v. National Distillers*, 56 F. Supp. 2d 355, 356 (S.D.N.Y. 1999) (citations omitted).

In circumstances where there are funds remaining, "[f]ederal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds." *Arizona Citrus*, 904 F.2d at 1307 (finding that the court properly considered *cy pres* distribution for the limited purpose of distributing the unclaimed funds). "Where distribution of class funds to class members is infeasible, courts often use *cy pres* principles to determine an appropriate use for the funds." *Jones*, 56 F. Supp. 2d at 357; *see also In re Microsoft Corp. Antitrust Litig.*, 185 F.Supp.2d 519, 523 (D.

---

[2]  *See* https://law.howard.edu/academics/clinical-law-center/investor-justice-and-education-clinic-ijec

6

NOTICE OF MOTION FOR AUTHORIZATION OF CY PRES DISTRIBUTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:22-cv-01820-MCS-RAO

Md. 2002) ("*[C]y pres* approach is most frequently used for the purpose of distributing the residue of a class settlement fund.").

The Ninth Circuit has noted that the *cy pres* doctrine may be employed in the context of a class action settlement to "put the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (quotation omitted). *Cy pres* distributions must "account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statues, and the interests of the silent class members." *Id.* at 1036. There must be a "driving nexus between the plaintiff class and the *cy pres* beneficiaries." *See Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (quoting *Nachshin*, 663 F.3d at 1038). Here, Lead Counsel selected the IJEC because its mission of investor protection is closely aligned with the nature of this securities fraud class action. "[T]he distribution preference of class counsel is entitled to deference because class counsel are the only entities with a meaningful equitable stake in the remaining class funds." *Jones*, 56 F. Supp. 2d at 359 (finding the distribution of unclaimed funds from a securities fraud class action settlement was proper where class counsel designated an appropriate *cy pres* distribution recipient).

In *Vataj v. Johnson*, 2021 WL 5161927, at *2 n.2 (N.D. Cal. Nov. 5, 2021), a similar securities fraud class action, the court found that there was a "sufficient nexus between [IJEC] and the Settlement Class." As the *Vataj* court explained, "[t]he IJEC represents clients in securities cases against securities broker-dealers and provides investor education and outreach programs for underserved investing communities. The Court finds that the IJEC shares the interests of the class members in preventing securities fraud and promoting investor education and protection." For the same reasons, the IJEC is an appropriate *cy pres* recipient here.

## III. CONCLUSION

For the foregoing reasons, the Court should approve Lead Counsel's selection of the IJEC as the *cy pres* distribution recipient and enter the proposed *Cy Pres* Order, submitted herewith.

Dated: May 23, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*

**POMERANTZ LLP**
Jeremy Lieberman (*pro hac vice*)
Brenda Szydlo (*pro hac vice*)
600 Third Avenue, 20th Floor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

New York, NY 10016
Telephone: (646) 581-9996
Email: jlieberman@pomlaw.com
Email: bszydlo@pomlaw.com

**BRONSTEIN, GERWITZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*