UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:22-cv-01820-MCS-RAO** | Date | June 4, 2025 |
|---|---|---|---|

Title   *In re FAT Brands Inc. Sec. Litig.*

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER REQUIRING SUPPLEMENTATION OF MOTION FOR AUTHORIZATION OF CY PRES DISTRIBUTION (ECF NO. 76)**

Lead Plaintiff Robert J. Matthews and Plaintiff Michael Melendez, on behalf of themselves and the Settlement Class, move the Court for an order authorizing a *cy pres* distribution of the remaining funds in the Net Settlement Fund to the Investor Justice and Education Clinic at Howard University School of Law ("IJEC"). (Mot., ECF No. 76.) No timely response to the motion has been filed. The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for June 23, 2025. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

"Federal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). "[A] court may employ the *cy pres* doctrine to put the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (internal quotation marks omitted). To protect against "nascent dangers to the fairness of the distribution process," *id.*, courts in the Ninth Circuit "require that there be 'a driving nexus between the plaintiff class and the *cy pres* beneficiaries,'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012)

CIVIL MINUTES – GENERAL        Initials of Deputy Clerk SMO

(quoting *Nachshin*, 663 F.3d at 1038). Thus, "[a] *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and must not benefit a group too remote from the plaintiff class." *Id.* at 865 (internal quotation marks and citations omitted).

The Court orders Plaintiffs to supplement the motion with additional materials within 14 days to address the following two concerns.

First, a second distribution must precede donation of settlement funds to a *cy pres* recipient if a "second distribution is economically feasible." (Distribution Order ¶ 6, ECF No. 75.) A representative of Claims Administrator Strategic Claims Services declares that "Lead Counsel and SCS have now determined that an additional redistribution [to class members] is no longer economically feasible." (Bravata Decl. ¶ 5, ECF No. 76-1.) The motion papers do not provide a factual basis for this conclusion about economic feasibility—for example, an estimate of the administrative cost of making a second distribution that exceeds the remaining balance in the settlement fund.

Second, the distribution order provides for a *cy pres* recipient that is "a non-profit charitable organization." (Distribution Order ¶ 6.) While there appears to be a "driving nexus" between the Settlement Class and the selected recipient, the IJEC, Plaintiffs have not provided enough information about the IJEC for the Court to conclude it is a "a non-profit charitable organization" within the meaning of the distribution order. Moreover, the motion papers provide no assurance that the clinic is willing and able to accept the distribution. *Cf. Vataj v. Johnson*, No. 19-cv-06996-HSG, 2021 U.S. Dist. LEXIS 214678, at *7–8 (N.D. Cal. Nov. 5, 2021) (approving IJEC as *cy pres* recipient after court discovered the parties' previously proposed *cy pres* was nonoperational, and after "Plaintiffs further confirmed with the IJEC's supervising attorney that the clinic is operational").

**IT IS SO ORDERED.**