Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

[*additional counsel on signature page*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>FAT BRANDS INC.<br>SECURITIES LITIGATION | Case No. 2:22-cv-01820-MCS-RAO<br><br>**DECLARATION OF JOSHUA BAKER**<br><br><u>CLASS ACTION</u><br><br>Date: June 23, 2025<br>Time: 9:00 a.m.<br>Courtroom: 7C<br>Judge: Hon. Mark C. Scarsi |

1

DECLARATION OF JOSHUA BAKER; 2:22-cv-01820-MCS-RAO

I, Joshua Baker, declare as follows:

1.      I am an attorney with The Rosen Law Firm, P.A., Court-appointed Lead Counsel in the above-captioned action. I am admitted *pro hac vice* before this Court. I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto.

2.      I submit this declaration in support of Plaintiffs' motion for authorization of *cy pres* distribution (Dkt. No. 76), and in response to the Court's request for additional information (Dkt. No. 78).

3.      Attached hereto as Exhibit 1 is the Supplemental Declaration of Josephine Bravata Concerning the Remaining Funds for *Cy Pres*. Ms. Bravata's declaration provides additional detail, as requested by the Court, demonstrating that a second distribution of settlement funds to Settlement Class Members would not be economically feasible.

4.      Lead Counsel have been unable to timely confirm the current status of the original *cy pres* recipient. Accordingly, Plaintiffs and Lead Counsel seek instead to distribute the remaining settlement funds to the Bluhm Legal Clinic Complex Civil Litigation and Investor Protection Center at Northwestern Pritzker School of Law ("IPC"). An updated proposed order reflecting this change is submitted herewith.

5.      Professor J. Samuel Tenenbaum is the Director of the IPC. I confirmed with Prof. Tenenbaum that the IPC is operational and willing and able to accept the distribution.

6.      The IPC is a "non-profit charitable organization" within the meaning of the Distribution Order (Dkt. No. 75) because it is part of Northwestern University, which is a 501(c)(3) organization. The IPC provides legal assistance to investors with limited income who have disputes against stockbrokers, investment advisors, or securities firms. While these investors' claims are for small dollar amounts, the amounts at issue often represent a significant portion of the investors' net worth. These investors cannot afford to hire attorneys or retain them using contingency fees. The

2

IPC also acts as a screening mechanism for regulators, including FINRA, the SEC, and state regulators, as well as brokerage houses trying to identify legitimate claims. The IPC is one of only two providers of these services that takes cases on a national basis, and it has been operating for 20 years.

7.     There is a "driving nexus" between the IPC and the Settlement Class. *See In re Lyft Inc. Sec. Litig.*, 2023 WL 5068504, at *7 (N.D. Cal. Aug. 7, 2023) (approving IPC as *cy pres* recipient for securities class action settlement, finding that the IPC "does work that aligns with the objectives of the securities laws underlying this case and the class members' interest in protecting investors. Thus, there is a sufficient 'driving nexus' between the class and the *cy pres* recipient.") (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)).

8.     For these reasons, Plaintiffs and Lead Counsel respectfully request that the Court approve Lead Counsel's designation of the IPC as the *cy pres* recipient and authorize the Claims Administrator to pay the remaining funds in the Net Settlement Fund to the IPC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 16, 2025.

/s/*Joshua Baker*
Joshua Baker

DECLARATION OF JOSHUA BAKER; 2:22-cv-01820-MCS-RAO