UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:22-cv-01820-MCS-RAO** | Date | June 17, 2025 |
| Title | ***In re FAT Brands Inc. Sec. Litig.*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER RE: MOTION FOR AUTHORIZATION OF CY PRES DISTRIBUTION (ECF NO. 76)**

Lead Plaintiff Robert J. Matthews and Plaintiff Michael Melendez, on behalf of themselves and the Settlement Class, filed a motion seeking an order authorizing a *cy pres* distribution of the remaining funds in the Net Settlement Fund to the Investor Justice and Education Clinic at Howard University School of Law ("IJEC"). (Mot., ECF No. 76.) No timely response to the motion was filed. The Court ordered supplemental briefing on two issues: (1) the economic feasibility of a second distribution of funds to class members, and (2) the suitability of the IJEC as a *cy pres* recipient. (Order, ECF No. 78.) Plaintiffs filed responsive declarations (1) confirming the administrative costs of a second distribution would exceed the remaining funds in the settlement fund, (Suppl. Bravata Decl. ¶¶ 3–4, ECF No. 79-1); and (2) identifying a different proposed *cy pres* recipient, the Bluhm Legal Clinic Complex Civil Litigation and Investor Protection Center at the Northwestern Pritzker School of Law ("IPC"), a clinic that provides legal assistance to investors otherwise unable to retain attorneys and acts as a screening mechanism for regulators and brokerage houses, is a part of a 501(c)(3) organization, and is presently operational and willing and able to accept the distribution, (Baker Decl. ¶¶ 4–6, ECF No. 79).

"Federal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). "[A] court may employ the *cy pres* doctrine to put the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (internal quotation marks omitted). To protect against "nascent dangers to the fairness of the distribution process," *id.*, courts in the Ninth Circuit "require that there be 'a driving nexus between the plaintiff class and the *cy pres* beneficiaries,'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (quoting *Nachshin*, 663 F.3d at 1038). Thus, "[a] *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and must not benefit a group too remote from the plaintiff class." *Id.* at 865 (internal quotation marks and citations omitted).

Here, the administrative costs of a second distribution to class members would exceed the remaining settlement funds, making a second distribution economically infeasible. Pursuant to the terms of the distribution order, the remaining money in the settlement fund appropriately may be distributed to a *cy pres* recipient. (Distribution Order ¶ 6, ECF No. 75.) The Court agrees with Plaintiffs that there is a "driving nexus" between the Settlement Class and the newly identified *cy pres* recipient. *Cf. In re Lyft Inc. Sec. Litig.*, No. 19-cv-02690-HSG, 2023 U.S. Dist. LEXIS 137198, at *23 (N.D. Cal. Aug. 7, 2023) (approving IPC as *cy pres* recipient of securities litigation settlement funds because it "does work that aligns with the objectives of the securities laws underlying this case and the class members' interests in protecting investors").

That said, approving a *cy pres* recipient different from the one identified in the moving papers would present a procedural conundrum: Plaintiffs offer no indicia that Defendants are amenable to IPC as the recipient, and Defendants' opportunity to respond to the motion lapsed before Plaintiffs submitted supplemental materials. Anticipating no opposition, in the interest of judicial economy, the Court grants the motion but stays the effect of this Order for seven days. If Defendants file an objection within that time, this Order will be withdrawn automatically, and the Court will issue an order for further briefing.

Accordingly, the Court grants the motion. The Court approves the selection of the Bluhm Legal Clinic Complex Civil Litigation and Investor Protection Center at the Northwestern Pritzker School of Law as *cy pres* recipient. The Court authorizes

the Claims Administrator to pay the remaining funds in the Net Settlement Fund to
this recipient no earlier than seven days after the date of this Order.

**IT IS SO ORDERED.**